TRINA A. HIGGINS, United States Attorney (#7349)
ANGELA JEAN CLIFFORD, Assistant United States Attorney (#17485)
PETER REICHMAN, Special Assistant United States Attorney (#15241)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VALENE STEPHANIE SMITH, <br><br> Defendant. | **UNITED STATE'S RESPONSE IN OPPOSITION TO DEFENDANT VALENE STEPHANIE SMITH'S MOTION FOR REVIEW OF DETENTION** <br><br> Case No.: 2:23-cr-00365-TC <br><br> Judge Tena Campbell |

The United States, through the undersigned attorney, hereby responds to defendant Valene Stephanie Smith's ("Defendant's") Motion for Review of Detention ("Motion"). (ECF 83). For the reasons set for below, the United States opposes Defendant's release.

**I.    Defendant's Motion is one more appropriately filed pursuant to 18 U.S.C. 3142(f) and should first be litigated before Magistrate Judge Romero.**

**Relevant Statutes.** Title 18 United States Code § 3142(f)(2) permits a detention hearing to "be reopened…at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that

has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community." Title 18 United States Code § 3145(b) permits a defendant who has been ordered detained by a magistrate judge to "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." A motion for review of a magistrate judge's order is a de novo review. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (citing *United States v. Tortora*, 922 F.2d 880, 883 n. 4 (1st Cir.1990)). A de novo review does not require a de novo evidentiary hearing. *United States v. Burks*, 141 F.Supp.2d 1283, 1285 (D. Kan.2001); *United States v. Romero*, 2010 WL 11523871, *2 (D. Colorado May 17, 2010). The district court also may incorporate the record of the proceedings conducted by the magistrate judge. *Lutz,* 207 F. Supp. 2d at 1251. A district court can "review de novo only that evidence and arguments presented in proceedings before the magistrate judge…." *Id;* see also *Romero,* 2010 WL 11523871 at *2 (declining to considering "new evidence" of the passage of four months since the detention order was issued). However, some district courts offer opportunity to present additional information in support of their respective positions. *See id.*

      In *Romero*, the court considered whether the proper mechanism was a motion for review of detention under 3142(f) rather than a review under 3145(b). *Romero,* 2010 WL 11523871 at *2. The court noted that although the district court could hear a motion for

review with new information, it "promotes efficiency" for the motion to be heard under 3142(f) before the original deciding magistrate judge "since that judge is already familiar with the defendant and the facts relevant to detention. It is far less efficient for a district judge to review a magistrate judge's detention order under § 3145(b) when such review is based on new information within the meaning of § 3142(f)." *Id.* at *2-3 (denying the defendant's motion for review under section 3145(b), after considering only the evidence before the magistrate judge de novo).

     Here, Defendant filed her Renewed Motion to Reopen Detention on January 11, 2024. (ECF 35). The basis for the review of detention was Defendant's application and admittance into either the Odyssey House or The Other Side Academy. (ECF 35). On January 23, 2024, Magistrate Judge Romero heard arguments and denied Defendant's Renewed Motion and again remanded Defendant into the custody of the USMS. (EFC 38). Defendant's current Motion also references Defendant's desire to be released to the Odyssey House program, however, it also cites to new factors, not previously argued before Magistrate Judge Romero, justifying her proposed release. (ECF 83). The new facts provided by Defendant in her Motion are delays in the case, the length of time Defendant has been in custody in county jail, and a desire make more productive use of her time. (ECF 83).

     If the Court determines that Defendant's Motion is properly before this Court pursuant to 18 USC § 3145(b), the United States respectfully requests that the Court only

3

consider the information that was previously available to Magistrate Judge Romero at the January 23, 2024, hearing and not the new information presented by Defendant in her current Motion.

II. **The Defendant's acceptance into the Odyssey House treatment program is not sufficient to overcome the presumption of detention.**

Pursuant to 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption for a defendant that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community because there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed the Controlled Substances Act (21 U.S.C. §§ 801-904). Defendant is charged in this case with two separate violations of 21 U.S.C. § 841, Possession of Methamphetamine with Intent to Distribute. Defendant is facing a mandatory minimum sentence of ten years' imprisonment.

Under 18 U.S.C. § 3142(g), the court shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

4

      a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**Nature and Circumstances – Weight of Evidence.** Specifically, with respect to nature and circumstances of the offenses charged and weight of the evidence, the United States points out that **this is Defendant's second time** being charged federally with possession with intent to distribute methamphetamine (21 U.S.C. § 841), **with the same co-defendant**. This time, law enforcement located 1.917 kilograms of methamphetamine in Defendant's bedroom. Notably, although not out and in the open, there was also a firearm in the room (in a safe). The location of the firearm to the narcotics heightens the seriousness of the circumstances of the offense. In addition, one of the search warrants in this case details that one of the Defendant's distributors described for officers the volume of narcotics being sold by Defendant on a regular basis. This person states that they were purchasing a pound of methamphetamine from Defendant – specifically Valene Smith – every other day for $2,000 and had been doing so for a while. This same person identified Defendant as the primary dealer contact, not her co-defendant Chhak (Defendant attempts to lay blame for her conduct on Chhak in her Motion). (ECF 83). This information was

corroborated by an examination of text messages from Defendant to the distributor. This information was also corroborated by another informant distributor who reported Defendant as the person's drug supplier.

Notably, the quantity of Defendant's distribution suggests something far beyond an individual simply supporting a drug habit with distribution. This was distributing massive amounts of methamphetamine – all in the presence of Defendant's minor children (shared with co-defendant Chhak). To that end, the narcotics and paraphernalia were located in a common area accessible to the children in the residence – the bathroom.

As to Count III of the Superseding Indictment, and only 42 days after being arrested for the possession of approximately 1,900 grams of methamphetamine in August 2023 (described above), when arrested on the federal warrant, Defendant was engaged in the same drug distribution conduct undeterred again. Defendant was stopped by officers driving a vehicle containing a black magnetic box holding approximately 123.5 grams of methamphetamine (a distributable amount and packaged for distribution).

**Defendant's History.** Defendant has three prior convictions for possession with intent to distribute narcotics. Defendant has shown that all prior interventions have not stopped her distribution activities, if anything, the presence of a firearm in the room where the drugs were located shows an escalation of conduct, undeterred by past interventions.

Defendant has a long history of substance abuse and indicates that as one of the

reasons for her requested release to Odyssey House. Notably, Defendant has completed treatment several different times while incarcerated. (ECF 13). Despite the repeated treatment, Defendant again finds herself in a similar situation and appears to be undeterred despite the treatment that has been completed. Defendant has not provided any information to suggest that this time would be any different.

**Danger to the Community.** The Court is well aware that Defendant's actions are a substantial danger to the community. The proposed plan to ameliorate Defendant's danger is not significant enough to rebut the presumption of detention. Odyssey House is not a lock-down facility. Defendant could leave the facility at any time and pose a danger to the community.

### III.    Any delay in the case has been at Defendant's choosing.

Defendant references the delays in the case and the length of time she has been incarcerated as an additional reason for the Court to find that release to Odyssey House is appropriate. (ECF 83). The main delay in this case is co-defendant's motion to suppress evidence related to Count III of the superseding Indictment. (ECF 59). The motion was filed on May 28, 2024. On July 16, 2024, Defendant filed a motion for joinder in co-defendant's motion to suppress. (ECF 75). The litigation of that motion is still pending. Despite that, the United States is willing and able to set trial dates as soon as Defendant exercises that right.[1]

---

[1] The United States would also note that Defendant through her counsel initially indicated she would plead and a plea agreement was prepared by the United States attorneys office, and approved by USAO management. Months

**Conclusion.** Accordingly, for the reasons set forth above and it its original Motion for Detention, the United States requests that this Court deny Defendant's Motion and order that Defendant remain detained because no condition or combination thereof will ensure the safety of the community.

DATED this 12th day of September 2024.

TRINA HIGGINS
United States Attorney


*/s/ Peter Reichman*
Peter Reichman
Special Assistant United States Attorney

---

later with no word from Defendant, Defendant changed her mind, which she is entitled to do.